## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF KENTUCKY
## ASHLAND DIVISION

|  |  |
|---|---|
| BRANDON BINION and ALYSSA BINION, | ) )  )  |
| Plaintiffs, | ) )  CIVIL ACTION NO. 0:19-cv-00057-HRW |
| vs. | )  )  |
| CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., and JOEL L. ROGERS, | )  )  )  ) |
| Defendants. | )  )  )  |

## ANSWER

The Defendants, Clean Harbors Environmental Services, Inc. ("Clean Harbors") and Joel L. Rogers, state as follows for their Answer to Plaintiffs' Complaint:

### AS TO INTRODUCTION

1. With respect to the allegations in Paragraph 1, the Defendants admit that the Clean Harbors truck was unable due to failed brakes to stop at the stop sign and collided with Plaintiffs' vehicle, but deny all other characterizations of the event, including that the truck was "poorly maintained," that the truck "sped" through a stop sign and "slammed" into Plaintiffs, and that Defendants' conduct was "reckless." The Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 1 and therefore deny the same.

### AS TO PARTIES

2. The Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 and therefore deny the same.

3. The Defendants admit the allegations in Paragraph 3.

4. The Defendants admit the allegations in Paragraph 4.

## AS TO JURISDICTION AND VENUE

5. With respect to the allegations in Paragraph 5, the Defendants admit that this Court has subject matter jurisdiction over this action.

6. With respect to the allegations in Paragraph 6, the Defendants admit that this Court has personal jurisdiction over Clean Harbors.

7. With respect to the allegations in Paragraph 7, the Defendants admit that venue is proper in this Court.

## AS TO FACTS

8. The Defendants admit the allegations in Paragraph 8.

9. The Defendants admit the allegations in Paragraph 9.

10. To the extent Paragraph 10 contains legal conclusions to which no response is required, the Defendants deny those allegations on that basis. Clean Harbors admits that it transports dangerous and hazardous materials throughout North America and affirmatively states that it is aware of applicable obligations under the Federal Motor Carrier Safety Regulations.

11. Paragraph 11 contains legal conclusions to which no response is required, so the Defendants deny those allegations on that basis.

12. The Defendants deny the allegations in Paragraph 12.

13. The Defendants admit that data from the Federal Motor Carrier Safety Administration within the Department of Transportation shows that roadside inspections of Clean Harbors' nationwide fleet resulted in at least 365 violations from April 27, 2017 to April

25, 2019 related to braking, but deny any implication that those violations are in any way related to the cause(s) of the accident at issue in this case.

14. The Defendants deny the allegations in Paragraph 14.

15. The Defendants admit that data from the Federal Motor Carrier Safety Administration within the Department of Transportation shows that roadside inspections of Clean Harbors' nationwide fleet resulted in at least 1037 violations from April 27, 2017 to April 25, 2019 related to vehicle maintenance, but deny any implication that those violations are in any way related to the cause(s) of the accident at issue in this case.

16. To the extent Paragraph 16 contains legal conclusions to which no response is required, the Defendants deny those allegations on that basis. Clean Harbors admits that it is aware of its applicable obligations under the FMCSR's.

17. The Defendants deny the allegations in Paragraph 17.

18. The Defendants admit that data from the Federal Motor Carrier Safety Administration within the Department of Transportation shows that roadside inspections of Clean Harbors' nationwide fleet resulted in at least 275 violations from April 27, 2017 to April 25, 2019 related to unsafe driving, driver fitness, and hours of service compliance, but deny any implication that those violations are in any way related to the cause(s) of the accident at issue in this case.

19. With respect to the allegations in Paragraph 19, the Defendants admit that Clean Harbors dispatched a truck driven by Mr. Rogers on May 15, 2019 and that Mr. Rogers drove the truck more than 50 miles across two states, but deny all other allegations in Paragraph 19.

20. With respect to the allegations in Paragraph 20, the Defendants admit that a tire on the truck blew on May 15, 2019 and that the tire was repaired shortly thereafter, prior to the

accident involving Plaintiffs. The Defendants deny that the repair took place in a "repair shop," as the repair occurred on the side of the highway. The Defendants also deny any implication that the tire was the only part of the truck repaired; the truck's brakes were also repaired by an outside company at the same time that the truck's tire was repaired.

21. The Defendants admit the allegations in Paragraph 21, but deny any implication that they did not realize that the truck's braking system had been affected by the tire blowout; as stated above, the brakes were repaired immediately following the tire blowout and prior to the accident involving Plaintiffs.

22. To the extent Paragraph 22 contains legal conclusions to which no response is required, the Defendants deny those allegations on that basis. The Defendants affirmatively state that 49 C.F.R. 396.11 speaks for itself and that they complied with any and all obligations imposed by that regulation and any other applicable law.

23. To the extent Paragraph 23 contains legal conclusions to which no response is required, the Defendants deny those allegations on that basis. The Defendants affirmatively state that 49 C.F.R. 396.11 speaks for itself and that they complied with any and all obligations imposed by that regulation and any other applicable law.

24. To the extent Paragraph 24 contains legal conclusions to which no response is required, the Defendants deny those allegations on that basis. The Defendants affirmatively state that 49 C.F.R. 396.11 speaks for itself and that they complied with any and all obligations imposed by that regulation and any other applicable law.

25. To the extent Paragraph 25 contains legal conclusions to which no response is required, the Defendants deny those allegations on that basis. The Defendants affirmatively state

that 49 C.F.R. 396.11 speaks for itself and that they complied with any and all obligations imposed by that regulation and any other applicable law.

26. To the extent Paragraph 26 contains legal conclusions to which no response is required, the Defendants deny those allegations on that basis. The Defendants affirmatively state that 49 C.F.R. 396.3 speaks for itself and that they complied with any and all obligations imposed by that regulation and any other applicable law.

27. To the extent Paragraph 27 contains legal conclusions to which no response is required, the Defendants deny those allegations on that basis. The Defendants affirmatively state that 49 C.F.R. 396.3 speaks for itself and that they complied with any and all obligations imposed by that regulation and any other applicable law.

28. To the extent Paragraph 28 contains legal conclusions to which no response is required, the Defendants deny those allegations on that basis. The Defendants affirmatively state that 49 C.F.R. 396.1 and 49 C.F.R. 396.3 speak for themselves and that they complied with any and all obligations imposed by these regulations and any other applicable law.

29. To the extent Paragraph 29 contains legal conclusions to which no response is required, the Defendants deny those allegations on that basis. The Defendants affirmatively state that 49 C.F.R. 396.13 speaks for itself and that they complied with any and all obligations imposed by that regulation and any other applicable law.

30. Paragraph 30 contains legal conclusions to which no response is required, so the Defendants deny those allegations on that basis. To the extent that a response is required, the Defendants state that they complied with all applicable laws and regulations.

31. Paragraph 31 contains legal conclusions to which no response is required, so the Defendants deny those allegations on that basis. To the extent that a response is required, the Defendants state that they complied all applicable laws and regulations.

32. The Defendants deny the allegations in Paragraph 32.

33. The Defendants deny the allegations in Paragraph 33.

34. The Defendants admit the allegations in Paragraph 34, but deny any implication that the Defendants relied on Mr. Rogers to repair the truck's brakes on May 15, 2019. Instead, an outside company inspected and repaired the brakes following the tire blowout and prior to the accident involving Plaintiffs.

35. The Defendants admit the allegations in Paragraph 35, but deny any implication that Mr. Rogers operated the truck after the tire blowout without first having the brakes repaired.

36. The Defendants deny the allegations in paragraph 36.

37. The Defendants deny the allegations in paragraph 37.

38. With respect to the allegations in Paragraph 38, the Defendants admit that Mr. Rogers knew that the tire blowout may have resulted in damage to the truck beyond just the damaged tire, which is why Mr. Rogers called to have the brakes inspected and repaired before proceeding on his trip. The Defendants deny all remaining allegations in Paragraph 38, including that Mr. Rogers was aware of any "residual" damage.

39. With respect to the allegations in Paragraph 39, the Defendants admit that Mr. Rogers knew that the tire blowout may have resulted in damage to the truck's braking system, which is why Mr. Rogers called to have brakes inspected and repaired before proceeding on his trip. The Defendants deny all remaining allegations in Paragraph 39, including that Mr. Rogers was aware of any "residual" damage.

40. The Defendants deny the allegations in Paragraph 40.

41. The Defendants deny the allegations in Paragraph 41.

42. The Defendants deny the allegations in Paragraph 42.

43. With respect to the allegations in Paragraph 43, the Defendants admit that the truck brakes did not fail following the tire blowout until Mr. Rogers reached the off ramp at Exit 181 in Boyd County, Kentucky. Defendants deny all remaining allegations in Paragraph 43.

44. The Defendants deny the allegations in Paragraph 44.

45. With respect to the allegations in Paragraph 45, the Defendants admit that Mr. Rogers was permitted to "continue on his route" after the tire and brakes were repaired, but deny all other allegations in Paragraph 45.

46. The Defendants deny the allegations as stated in Paragraph 46, and particularly deny any implication that either of the Defendants knew or should have known that the braking system was in any way defective or not functioning properly after the brakes were repaired following the tire blowout.

47. The Defendants deny the allegations in Paragraph 47; to the contrary, as stated above, immediately following the tire blowout Mr. Rogers called for the truck's brakes to be repaired along with the blown tire, and repairs were in fact performed on the brakes by an outside company.

48. With respect to the allegations in Paragraph 48, the Defendants admit that Mr. Rogers proceeded toward his planned destination of the Big Run Landfill, but deny any implication that he did not make any efforts to have the brakes appropriately repaired before doing so.

7

49. With respect to the allegations in Paragraph 49, the Defendants admit that the truck driven by Mr. Rogers was unable to stop due to failed brakes and that it made contact with the pickup truck occupied by Plaintiffs, but deny all remaining allegations in Paragraph 49.

50. The Defendants deny the allegations in Paragraph 50.

51. With respect to the allegations in Paragraph 51, the Defendants admit that the weather was clear, but deny all remaining allegations in Paragraph 51.

52. The Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52 and therefore deny the same.

## AS TO COUNT ONE

53. With respect to Paragraph 53, the Defendants incorporate and restate all responses and defenses set forth in this Answer.

54. The Defendants deny the allegations in Paragraph 54.

55. The Defendants deny the allegations in Paragraph 55.

56. The Defendants deny the allegations in Paragraph 56.

## AS TO COUNT TWO

57. With respect to Paragraph 57, the Defendants incorporate and restate all responses and defenses set forth in this Answer.

58. The Defendants deny the allegations in Paragraph 58.

59. The Defendants deny the allegations in Paragraph 59.

60. The Defendants deny the allegations in Paragraph 60.

## AS TO COUNT THREE

61. With respect to Paragraph 61, the Defendants incorporate and restate all responses and defenses set forth in this Answer.

62. The Defendants admit that Paragraph 62 accurately quotes KRS 446.070, but deny any implication that Plaintiffs are entitled to recover under that statute.

63. The Defendants deny the allegations in Paragraph 63.

64. Paragraph 64 contains legal conclusions to which no response is required, so the Defendants deny those allegations on that basis. The Defendants specifically deny that Mr. Rogers violated any applicable regulation, and further denies that any claimed "violation" was the direct and proximate cause of the subject crash or resulted in damages to Plaintiffs.

65. Paragraph 65 contains legal conclusions to which no response is required, so the Defendants deny those allegations on that basis.

66. The Defendants deny the allegations in Paragraph 66.

67. Paragraph 67 does not contain allegations to which the Defendants can respond. Further, the Defendants object to Plaintiffs' alleging additional statutory and regulatory violations without amending their complaint in accordance with Fed. R. Civ. P. 15.

## AS TO COUNT FOUR

68. With respect to Paragraph 68, the Defendants incorporate and restate all responses and defenses set forth in this Answer.

69. The Defendants admit that Paragraph 69 accurately quotes KRS 446.070, but deny any implication that Plaintiffs are entitled to recover under that statute.

70. The Defendants deny the allegations in Paragraph 70.

71. Paragraph 71 contains legal conclusions to which no response is required, so the Defendants deny those allegations on that basis. Clean Harbors specifically denies that it violated any applicable regulation, and further denies that any claimed "violation" was the direct and proximate cause of the subject crash or resulted in damages to Plaintiffs. .

72. Paragraph 72 does not contain allegations to which the Defendants can respond. Further, the Defendants object to Plaintiffs' alleging additional statutory and regulatory violations without amending their complaint in accordance with Fed. R. Civ. P. 15.

## AS TO COUNT FIVE

73. With respect to Paragraph 73, the Defendants incorporate and restate all responses and defenses set forth in this Answer.

74. The Defendants deny the allegations in Paragraph 74.

## AS TO COUNT SIX

75. With respect to Paragraph 75, the Defendants incorporate and restate all responses and defenses set forth in this Answer.

76. Paragraph 76 contains legal conclusions to which no response is required, so the Defendants deny those allegations on that basis.

77. The Defendants deny the allegations in Paragraph 77.

## AS TO COUNT SEVEN

78. With respect to Paragraph 78, the Defendants incorporate and restate all responses and defenses set forth in this Answer.

79. The Defendants deny the allegations in Paragraph 79.

80. The Defendants deny the allegations in Paragraph 80.

81. The Defendants deny the allegations in Paragraph 81.

## AS TO DAMAGES COMMON TO ALL COUNTS

82. The Defendants deny the allegations in Paragraph 82.

83. The Defendants deny the allegations in Paragraph 83.

## AS TO PRAYER FOR RELIEF

84. The Defendants deny that Plaintiffs are entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph.

85. Any allegations not expressly admitted in this Answer are hereby denied.

## FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

At all relevant times, Clean Harbors and Mr. Rogers complied with all applicable law.

## THIRD DEFENSE

If any statute or regulation was violated, which Clean Harbors and Mr. Rogers expressly deny, such violation was not the cause of Plaintiffs' alleged injuries.

## FOURTH DEFENSE

The doctrine of comparative fault bars or reduces any recovery against Clean Harbors and/or Mr. Rogers. Plaintiffs' damages, if any, were directly and proximately caused by Plaintiffs or others for whose conduct Clean Harbors and Mr. Rogers are not responsible.

## FIFTH DEFENSE

Plaintiffs' damages, if any, are the result of independent intervening acts or superseding causes for which Clean Harbors and Mr. Rogers are not responsible.

## SIXTH DEFENSE

Plaintiffs' claim for punitive damages is barred by Kentucky law, the United States Constitution, and the Constitution of the Commonwealth of Kentucky. Any determination on punitive damages should be bifurcated from the determination on liability.

**SEVENTH DEFENSE**

Defendants reserve the right to amend this pleading to add additional affirmative defenses that may be discovered during the litigation process.

WHEREFORE, the Defendants, Clean Harbors Environmental Services, Inc. ("Clean Harbors") and Joel L. Rogers, demand:

1. Dismissal of the Complaint against them;

2. Their costs herein expended;

3. Their legal fees; and,

4. Any and all other relief to which they may appear entitled.

                Respectfully submitted,

                */s/Robin E. McGuffin*
                Daniel E. Danford
                Robin E. McGuffin
                STITES & HARBISON, PLLC
                250 West Main Street, Suite 2300
                Lexington, KY 40507-1758
                ddanford@stites.com
                rmcguffin@stites.com

                *Counsel for Clean Harbors Environmental Services, Inc. and Joel L. Rogers*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of August, 2019, I electronically filed this document through the Court's ECF system, which will send a notice of electronic filing to:

Sam Aguiar
Jonathan B. Hollan
1201 Story Avenue, Suite 301
Louisville, KY 40206
Telephone: (502) 400-6969
Facsimile: (502) 491-3946
sam@kylawoffie.com
jhollan@kylawoffice.com

and

Jeremy Clark
2706 Louisa Street
Catlettsburg, KY 41129
Telephone: (606) 739-6774
jeremy6uk@gmail.com

*Counsel for Plaintiffs*

>*/s/Robin E. McGuffin*
>*Counsel for Clean Harbors Environmental Services, Inc. and Joel L. Rogers*